UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CYNTHIA BLANCAFLOR,

        Plaintiff,

  v.

OCWEN LOAN SERVICING, LLC;
DOES 1 TO 50,

        Defendants.

CASE NO. C09-05354BHS

ORDER DENYING
DEFENDANT'S MOTION TO
DISMISS AND DISMISSING
CASE WITHOUT PREJUDICE
ON OTHER GROUNDS

This matter comes before the Court on Defendant Ocwen Loan Servicing, LLC's ("Ocwen") unopposed motion to dismiss (Dkt. 6). The Court has considered the pleadings and the remainder of the file and hereby denies the motion and dismisses the matter without prejudice on other grounds, as stated herein.

**I. PROCEDURAL BACKGROUND**

On April 24, 2009, Plaintiff filed this action against Defendant Ocwen ("Ocwen") and Does 1-50. Dkt. 1 at 7 (Complaint). On June 15, 2009, this matter was removed to this Court. Dkt. 1. On June 16, 2009, the parties were directed by the Court to submit a joint status report. Dkt. 3. On June 30, 2009, mail sent by the Court's clerk to Plaintiff was returned as undeliverable (Dkt. 5); the Court extended the joint status report deadline to December 17, 2009, due to the problem with Plaintiff's address. On November 2, 2009,

ORDER - 1

1  Defendant Ocwen filed a motion to dismiss Plaintiff's complaint. Dkt. 6. Also on

2  November 2, 2009, Ocwen filed a request for judicial notice to be taken of certain

3  documents. Dkt. 7. Plaintiff has not opposed Defendants' motion to dismiss.

## II. DISCUSSION

Generally, when "a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rule 7(b)(2). Plaintiff did not file any papers in opposition to Ocwen's motion to dismiss (Dkt. 6). However, the Court declines to follow Local Rule 7(b)(2) in the instant matter because it appears that problems with Plaintiff's correct address may have contributed to her failure to respond.[1]

Pursuant to Local Rule 41(b)(2):

> A party proceeding pro se shall keep the court and opposing parties advised as to his [or her] current address. If mail directed to a pro se plaintiff by the clerk is returned by the post office, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his [or her] current address, the court may dismiss the action without prejudice for failure to prosecute.

Mail directed by the Court's clerk to Plaintiff was returned. Dkt. 5 (copy of returned mail). Plaintiff has failed to notify the Court of a current address. *Id*. This returned mail issue was docketed on June 30, 2009, which is well over 60 days ago. To date, Plaintiff has not corrected her address with the Court. Plaintiff has failed to respond to Ocwen's motion to dismiss (Dkt. 6).

Because Plaintiff has not corrected her address with the Court, the Court dismisses this action for Plaintiff's failure to prosecute. Local Rule 41(b)(2).

---

[1] Additionally, the parties were directed by order of the Court to submit a joint status report. Dkt. 3. Initiating communication for preparing this report is the obligation of the Plaintiff. *Id*. Because of problems with Plaintiff's address, noted above, the Court extended the deadline for this report to December 17, 2009, but no such report has been filed.

**III. ORDER**

Therefore, it is hereby

**ORDERED** that Defendant's motion to dismiss (Dkt. 6) is **DENIED**; however, the matter is dismissed without prejudice on other grounds, as discussed herein.

DATED this 18th day of December, 2009.

BENJAMIN H. SETTLE
United States District Judge